UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VALE PARK ANIMAL HOSPITAL, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19 CV 70 ) |
| PROJECT 64, LLC, *et al.*, | ) ) |
| Defendants. | ) |

### OPINION and ORDER

This matter is before the court on defendants' partial motion to dismiss. (DE # 22.) For the reasons that follow, the motion will be granted in part and denied in part.

### I.   BACKGROUND

Plaintiff Vale Park Animal Hospital, LLC filed the present breach of contract action related to its design consultation contract with defendant Project 64, LLC, for the construction of a veterinary care facility. (DE # 1.) In Count II of its complaint, plaintiff alleges that defendants, Project 64, LLC, John Wiertel, and Geoffrey Graham, advertised for, and engaged in, architectural services in violation of Indiana law.

Defendants now move to dismiss Count II of plaintiff's complaint. (DE # 22.) Defendants' argument is two-fold. First, defendants argue that the statute on which plaintiff relies does not provide for a private right of action. (*Id.* at 2.) Second, defendants argue that plaintiff failed to exhaust its administrative remedies prior to filing the present action. (*Id.*) This matter is fully briefed and is ripe for resolution.

## II. LEGAL STANDARD

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(6). A motion to dismiss under Rule 12(b)(1) asserts that the court lacks jurisdiction over the subject matter. A Rule 12(b)(1) motion can present either a facial or factual challenge to subject matter jurisdiction. *Apex Digital, Inc. V. Sears, Roebucks & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). A facial attack, such as the claim defendants present here, is a challenge to the sufficiency of the pleading itself. *Id*. When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 444. Similarly, a judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.  DISCUSSION

Count II of plaintiff's complaint alleges that defendants violated their statutory duty under Indiana Code § 25-4-1-26. (DE # 1 at 5.) This section states: "The practice of architecture by any person or the advertising or putting out of any sign or card or other device which might indicate to the public that he is entitled to practice as an architect, without a certificate of registration as a registered architect issued by the board" is a "Class C infraction and each day's violation constitutes a separate offense." Ind. Code § 25-4-1-26.

Defendants argue that § 25-4-1-26 does not create a private right of action for monetary damages. (DE # 22 at 2.) Plaintiff responds that Indiana recognizes a claim for

3

negligence per se based on a breach of a statutory duty. (DE # 28 at 1.) Defendants reply that the statute's explicit provision for injunctive relief as a remedy should be understood as legislative intent to preclude all other forms of recovery, including an action in tort for negligence per se. (DE # 34 at 3-4.)

In light of the parties' briefing, a word is in order about the difference between a negligence per se claim and a private right of action claim. In a negligence per se claim, a plaintiff asserts that the defendant's violation of a statute suffices to prove a breach of an existing common law duty of reasonable care. *Stachowski v. Estate of Radman*, 95 N.E.3d 542, 543 (Ind. Ct. App. 2018). A negligence per se claim relies on a statutory duty to establish the *breach* element of a negligence action – not the duty element. *Id.* A plaintiff in a negligence per se claim asks the court to adopt the standard of conduct set forth in the statute as the standard of conduct required under the preexisting duty, such that a violation of the statute establishes breach of the existing duty. *Id.* at 544; *see also Cook v. Whitsell-Sherman*, 796 N.E.2d 271, 276 (Ind. 2003) ("Under negligence per se, the law accepts the legislative judgment that acts in violation of the statute constitute unreasonable conduct.").

On the other hand, in a private right of action claim, a plaintiff asserts that a statute itself creates an enforceable duty, the breach of which serves as the basis for an independent action. *Stachowski*, 95 N.E.3d at 543. "When a plaintiff claims that the violation of a statute or ordinance gives rise to civil liability even in the absence of a common-law duty, the issue should be framed as whether the statute or ordinance

4

confers a 'private right of action' – a concept that is related to but distinct from the doctrine of negligence per se." *Id.* at 545. "Whereas a negligence-per-se plaintiff claims that a statute or ordinance should establish the applicable standard of conduct required under an existing duty of reasonable care, the issue when a plaintiff claims a private right of action is whether the legislative body intended to establish not just a standard of conduct but a duty enforceable by tort law." *Id.* (internal citations omitted). *See also Estate of Cullop v. State*, 821 N.E.2d 403, 408 (Ind. Ct. App. 2005) (the existence of statutory duty does not necessarily mean that a plaintiff "may enforce this duty in a private cause of action").

It is not entirely clear whether plaintiff seeks recovery on a theory of negligence per se or a private right of action. Plaintiff was not required to plead a specific legal theory under the federal pleading standards. *See Hall v. Nalco Co.*, 534 F.3d 644, n. 3 (7th Cir. 2008) ("'[A] complaint need not identify a legal theory, and specifying an incorrect theory is not fatal' to a plaintiff's claim." (quoting *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992))). To the extent that plaintiff's complaint alleges a claim for negligence per se – meaning plaintiff seeks recovery based on an existing common law duty and points to § 25-4-1-26 as the applicable standard of conduct required under that duty – defendants' motion to dismiss will be denied. The parties have not addressed whether plaintiff's complaint states a claim for negligence per se.

However, to the extent that plaintiff claims that § 25-4-1-26 gives rise to a duty that is independently actionable, plaintiff seeks a private right of action under § 25-4-1-

5

26 and has failed to state a claim. No Indiana court, or any other court for that matter, has considered whether § 25-4-1-26 confers a private right of action. Sitting in diversity, this court will rely on the substantive law of Indiana and attempt to predict how the Indiana Supreme Court would decide the issue presented here. *See Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir.1999) ("Where the state supreme court has not ruled on an issue, decisions of the state appellate courts control, unless there are persuasive indications that the state supreme court would decide the issue differently.").

The legislature can create a private right of action in one of two ways: explicitly and implicitly. *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 509 (Ind. 2005). The Indiana legislature states quite clearly when it intends to create an explicit right of action. *See Doe #1 v. Indiana Dep't of Child Servs.*, 81 N.E.3d 199, 202 (Ind. 2017) (collecting statutes). The parties agree that the legislature did not explicitly provide for a private right of action for damages in § 25-4-1-26.

The court must therefore consider whether the legislature intended to implicitly create a private right of action. The Indiana Supreme Court has "long been reluctant to infer [] unwritten intent[.]" *Id.* (internal citation and quotation marks omitted). Indiana courts "will not infer a private right of action when the statute (1) primarily protects the public at large and (2) contains an independent enforcement mechanism." *Id.* "When a statute is designed mainly for public benefit, it implies no right of action; incidental benefits to a private party make no difference." *Id.*

Here, § 25-4-1-26 does not imply a private right of action. First, the statute appears to be intended to benefit the public at large, rather than any specific group of individuals. The statute is found in Chapter 1 (Regulation of Architects Generally – Creation of Board). The stated purpose of Chapter 1 is "to safeguard life, health and property[.]" Ind. Code § 25-4-1-23. The Indiana legislature does not appear to have intended to benefit any specific group of individuals in enacting this chapter. Rather, § 25-4-1-26 is part of a broad regulatory scheme designed to regulate the practice of architecture in Indiana for the benefit of the general public.

Section 25-4-1-26 also contains its own enforcement mechanism. A different provision within Chapter 1 creates a Board of Registration. Ind. Code § 25-4-1-2. Power is vested in the Board to, among other things, "adopt rules establishing standards for the competent practice of architecture and landscape architecture, and for the administration of the registered architects and registered landscape architects investigative fund established by section 32 of this chapter." Ind. Code §  25-4-1-3. The investigative fund provides resources for the enforcement of the provisions of Chapter 1, "including investigating and taking enforcement action against violators of this article." Ind. Code § 25-4-1-32. If there is a violation of § 25-4-1-26, the attorney general, the prosecuting attorney of any county, the board, or a citizen of a county wherein any person engaged in the practice of architecture without a certificate of registration, may maintain an action, in the name of the state of Indiana, to enjoin such person from engaging in the practice of architecture until a certificate of registration is secured. Ind.

7

Code § 25-4-1-4. Furthermore, the person engaging in unauthorized practice may be prosecuted for a Class C infraction. Ind. Code § 25-4-1-26.

This court predicts that the Indiana Supreme Court would not find that § 25-4-1-26 contains an implicit private right of action for monetary damages. The legislature appears to have intended the statute to benefit the general public. Moreover, the legislature provided a robust enforcement mechanism to ensure compliance with the statutory duty. "When a statute expressly provides one enforcement mechanism, courts may not engraft another." *Doe #1*, 81 N.E.3d at 204. "Indiana courts find no private right of action where the General Assembly has provided independent enforcement—even if only an infraction." *Id. See also Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 187 (Ind. 2011) ("When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." (internal citation and quotation marks omitted)).

The Indiana Supreme Court and the Indiana Court of Appeals have repeatedly rejected a plaintiff's claim that a statutory duty created a private right of action where the statute was intended to benefit the general public and contained an enforcement mechanism. *See Doe #1*, 81 N.E.3d at 204*; Howard*, 952 N.E.2d at 188*; Brown v. City of Valparaiso*, 67 N.E.3d 652, 659 (Ind. Ct. App. 2016)*; Estate of Cullop*, 821 N.E.2d at 409*; see also Kadambi v. Express Scripts, Inc.*, 86 F. Supp. 3d 900, 905 (N.D. Ind. 2015) (no private right of action in statute regulating pharmacists where statute was intended to benefit general public and contained broad regulatory scheme). To the extent that plaintiff

intended that Count II state a private cause of action, defendants' motion to dismiss will be granted.

B.     *Exhaustion of Administrative Remedies*

Defendants present an alternative basis for dismissal of Count II. Defendants argue that Count II should be dismissed because, under Indiana law, exhaustion of administrative remedies is a prerequisite to subject matter jurisdiction, and because plaintiff did not pursue the administrative process set forth in Chapter 1, this court lacks subject matter jurisdiction. (DE # 22 at 7.) Defendants' jurisdictional argument is based upon a faulty premise; this court's subject matter jurisdiction is governed by federal, not state, law. "Once Congress has conferred subject matter jurisdiction on the federal courts, state law cannot expand or contract that grant of authority." *Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002) (state law cannot affect the grant of jurisdictional authority under the federal diversity statute, but can deny a plaintiff a cause of action). *See also Thompson v. Cope*, 900 F.3d 414, 425 (7th Cir. 2018) ("A jurisdictional label under state law does not affect a federal court's subject-matter jurisdiction because 'state law cannot enlarge or contract federal jurisdiction.'" (quoting *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 909 n.3 (7th Cir. 2005))). "[W]here the defense moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) on the theory that the plaintiff failed to satisfy a non-jurisdictional requirement to exhaust administrative remedies, federal courts should treat the motion as one to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.*

9

Under federal law, "[a] failure to exhaust is normally considered to be an affirmative defense," not a jurisdictional requirement. *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). This court is allowing plaintiff to proceed on a claim of negligence per se. Defendants do not identify any authority that indicates that plaintiff was required to exhaust administrative remedies prior to proceeding with a negligence claim against these defendants. Dismissal at the pleading stage is appropriate only where the defendant has an "airtight" defense on the face of the pleadings. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). This is not the case here. Therefore, defendants' motion to dismiss on the basis of failure to exhaust will be denied.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART and DENIES IN PART** defendants' partial motion to dismiss. (DE # 22.)

**SO ORDERED.**

Date: March 9, 2020

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT