UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VALE PARK ANIMAL HOSPITAL, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 2:19 CV 70 ) |
| PROJECT 64, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on Vale Park Animal Hospital, LLC's ("Vale Park") motion for default judgment against Project 64, LLC ("Project 64"). (DE # 101.) For the reasons that follow, Vale Park's motion is granted, with relief different than requested.

**I.   BACKGROUND**

In February 2019, Vale Park filed suit against Project 64 and its two principals. (DE # 1.) Vale Park's claim against Project 64 is one for breach of contract. (*Id.* at 4.)

In March 2019, counsel filed an appearance on behalf of Project 64. (DE # 10.) Project 64 filed an answer and a counterclaim against Vale Park for breach of contract. (DE # 24.)

In March 2022, Project 64's counsel moved to withdraw. (DE # 91.) The motion was granted on March 9, 2022. (DE # 92.) No other attorney has filed an appearance on behalf of Project 64. On April 12, 2022, at Vale Park's request, the Clerk entered default against Project 64. (DE # 100.)

Vale Park filed the present motion for default judgment on April 19, 2022. (DE # 101.) To date, Project 64 has not responded.

Vale Park seeks actual damages in the amount of $263,133.32 and prejudgment interest in the amount of $87,661.44, for a total of $350,794.76 in damages on its breach of contract claim. (DE # 102 at 1.) Vale Park also moves to have Project 64's breach of contract counterclaim dismissed with prejudice. (*Id.*)

## II. LEGAL STANDARD

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). "The grant or denial of a motion for the entry of a default judgment lies within the sound discretion of the trial court . . .." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). The court may hold a hearing or conduct an investigation to determine the amount of damages, FED. R. CIV. P. 55(b)(2), however, no investigation is needed if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

## III. FACTS

Based on defendant's default, the court takes the allegations in the complaint

(except those related to the amount of damages) as true. The affidavit and exhibits plaintiff submitted with its motion further establishes the veracity of the allegations made in its complaint. (DE ## 102-1, 102-2.)

Vale Park contracted with Project 64 for the design of a veterinary facility. (DE # 1 at 3.) The contract required Project 64 to provide Vale Park with architectural and design services to best allocate $3,200,000 building construction dollars into an efficient, revenue generating veterinary care facility in exchange for payment. (*Id.* at 4 (quotation marks omitted).) Project 64 does not employ any licensed architect. (*Id.* at 3.)

Vale Park performed under the contract by paying Project 64 $263,133.32. (*Id.*) However, Project 64: (1) failed to provide design services that fall within construction industry standards; (2) contracted with Vale Park to provide architectural services that under Indiana Code § 25-4-1-2, *et seq.* it could not provide; and (3) charged for architectural services that it did not provide. (*Id.*)

Vale Park terminated the contract with Project 64 in November of 2018. (DE # 102-1 at 3.) Upon termination of the contract, Vale Park concluded that the work product submitted by Project 64 was of no value to Vale Park's new construction professionals. (*Id.*)

IV. **LEGAL CONCLUSIONS**

    A.    *Jurisdiction*

The court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is greater than

3

$75,000.00. Venue is proper under 28 U.S.C. § 1391(b)(2). Personal jurisdiction is established over defendant due to defendant's minimum contacts with Indiana (the dealings with Vale Park).

      B.      *Absence of Legal Counsel*

"[A] limited liability company . . . like a corporation, cannot litigate in a federal court unless it is represented by a lawyer." *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008); *see also Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 859-60 (7th Cir. 2016); *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (noting that withdrawal of counsel most likely "would leave [corporate entities] unrepresented, leading to default judgments against the three corporations (which can appear *only* by counsel)" (emphasis in original)). "The usual course when a litigant not entitled to litigate pro se loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one and, if it fails, either to dismiss the case, or enter a default judgment." *Hagerman*, 549 F.3d at 538 (internal citations omitted). A district court is "not required to wait indefinitely for [a corporate defendant] to obtain new counsel. Nor is a corporation entitled to grant itself a continuance by firing or failing to pay its lawyers." *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015) (cleaned up).

In this case, Project 64 has been without representation for nearly 11 months. It was notified of the motion for default judgment and has had an opportunity to be heard. Project 64 is currently registered as an active limited liability company with the

4

Ohio Secretary of State, and its registered agent is listed as John M. Wiertel, who is also a defendant in this case. (DE # 102-2 at 2.) Plaintiff claims that notice of plaintiff's motion for default judgment was sent via email and U.S. mail to John Wiertel. (*See* DE # 101 at 2.) Project 64 has had ample time to secure replacement counsel and respond to the motion for default judgment. Thus, there are no due process concerns to prevent this court from entering default judgment. *See e.g. Trade Well Int'l*, 825 F.3d at 860.

C.     *Breach of Contract*

Vale Park's claim against Project 64 is for breach of contract. Under Indiana law,[1] "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007).

As to the first element, there is no question that a contract between Project 64 and Vale Park existed. (*See* DE # 102-1 at 5-9.) The complaint alleges that Vale Park entered into a contract with Project 64 for design consultation, management, and cost budgeting services for the construction of a veterinary care facility. (DE # 1 at 3.) Vale Park alleges that the principals of Project 64 presented themselves as architects to the public and to Vale Park specifically, and the proposal submitted to Vale Park states that Project 64

---

[1] Plaintiff has not commented on which state's law should apply. Additionally, the parties' written contract does not contain a choice of law provision. However, throughout the course of this litigation, the parties have applied Indiana law. Therefore, the court will do the same. *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 587 (7th Cir. 2012) (when neither party raises a conflict of law issue in a diversity case, the district court applies the law of the state in which it sits).

5

provides "CONSTRUCTION MANAGEMENT AND ARCHITECTURAL DESIGN" and described architectural services that would be performed. (*Id.* at 2.)

Second, Vale Park has alleged that Project 64 breached the contract by: (1) submitting rudimentary floor plans and drawings that did not meet construction industry standards; (2) contracting to provide architectural services that it could not provide because it did not employ any architect licensed in Indiana; and (3) otherwise charging for architectural services that it did not provide. (*Id.* at 4.) Taking plaintiff's allegations in the complaint as true, these allegations amount to a breach of the parties' contract.

Finally, Vale Park has alleged that this breach caused it to suffer damages in the form of the contractual payments it made to Project 64. Therefore, accepting the allegations in the complaint as true, the court finds Project 64 liable on Vale Park's breach of contract claim.

D.     *Counterclaim*

Vale Park also asks this court to dismiss Project 64's counterclaim for breach of contract, for want of prosecution. "[A]t any point in a federal litigation at which a party that is not entitled to proceed pro se finds itself without a lawyer though given a reasonable opportunity to obtain one, the court is empowered to bar the party from further participation in the litigation." *United States v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008). "A default judgment is the mirror image of a dismissal of a suit for failure to prosecute . . .. Default is failure to defend; failure to prosecute is a plaintiff's default;

6

both a default judgment and a dismissal for failure to prosecute are sanctions for disruptive or dilatory conduct in litigation." *Philips Med. Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 602 (7th Cir. 1993). The standard for dismissing a claim for failure to prosecute is the same as for entering default judgment. *Id.* Accordingly, for the reasons already articulated herein, the court grants Vale Park's motion for dismissal of Project 64's counterclaim, for want of prosecution.

**V.    DAMAGES**

The court must next consider what damages, if any, Vale Park is entitled to receive. Vale Park argues that its liquidated damages amount to $263,133.32. In support of its damages claim, Vale Park submitted wire confirmations of the payments it made to Project 64. (DE # 102-1.) However, the amount of damages supported by the evidence amounts to $241,133.32, not the $263,133.32 Vale Park claims. As the damages in this case are capable of ascertainment from definite figures contained in the documentary evidence, no hearing on damages is necessary. *See Dundee Cement Co.*, 722 F.2d at 1323. The documentary evidence supports an award of actual damages in the amount of $241,133.32. Therefore, the court awards those damages to Vale Park.

Vale Park argues that, pursuant to Indiana Code § 34-51-4-8, it is also entitled to recover prejudgment interest, beginning December 1, 2018 until March 31, 2022, at a rate of 10%, for a total amount of $87,661.44 in prejudgment interest. (DE # 102 at 4.) Vale Park is not entitled to prejudgment interest under Indiana Code § 34-51-4-1, *et seq.*, as that chapter applies to tort actions, and Vale Park's claim against Project 64 is for

7

breach of contract. *See Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757, n.6 (Ind. 2018) ("[A]n award of prejudgment interest under the Tort Prejudgment Interest Statute (TPIS), Ind. Code §§ 34–51–4–1 to – 9 (2017) . . . 'applies to any civil action arising out of tortious conduct,' and no party suggests that any breach of contract here was tortious." (citations omitted)). However, Vale Park is correct that Indiana courts routinely award prejudgment interest on breach of contract claims. *See Sollers Point Co. v. Zeller*, 145 N.E.3d 790, 801 (Ind. Ct. App. 2020); *Care Grp. Heart Hosp., LLC*, 93 N.E.3d at 757; *Song v. Iatarola*, 76 N.E.3d 926, 939 (Ind. Ct. App.), *on reh'g*, 83 N.E.3d 80 (Ind. Ct. App. 2017); *Yellow Book Inc. v. Cent. Indiana Cooling & Heating, Inc.*, 10 N.E.3d 22, 29 (Ind. Ct. App. 2014).

"Prejudgment interest is intended to compensate a plaintiff for delay in receiving money it should have received much earlier or should not have been required to spend in the first place." *BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 981 F.3d 618, 634 (7th Cir. 2020). "In diversity actions . . . , a federal court must look to state law to determine the propriety of awarding prejudgment interest . . .." *Id.* at 635 (quoting *Travelers Ins. Co. v. Transport Ins. Co.*, 846 F.2d 1048, 1051 (7th Cir. 1988)) (applying Indiana law). "An award of prejudgment interest in a contract action is appropriate purely as a matter of law when the breach did not arise from tortious conduct, the amount of the claim rests on a simple calculation, and the trier of fact does not need to exercise its judgment to assess the amount of damages." *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757 (Ind. 2018). "The test for determining whether an award of prejudgment interest is

8

appropriate is whether the damages are complete and may be ascertained as of a particular time. . . . Therefore, an award of pre-judgment interest is generally not considered a matter of discretion." *Sollers Point Co.*, 145 N.E.3d at 801 (cleaned up).

"Prejudgment interest is computed from the time the principal amount was demanded or due and is allowable at the permissible statutory rate when no contractual provision specifies the interest rate." *BRC Rubber & Plastics, Inc.*, 981 F.3d at 636 (citation omitted). "Where the parties have not agreed to a specified interest rate, Indiana law directs courts to use the rate of 8% per year." *Id.* (quoting *Care Group Heart Hospital, LLC*, 93 N.E.3d at 757, citing Ind. Code § 24-4.6-1-102).

Here, an award of prejudgment interest is appropriate because the amount of the claim rests upon a simple calculation: the amount Vale Park paid Project 64. These damages are complete and ascertainable. Prejudgment interest is appropriately calculated from December 1, 2018 (Vale Park terminated the contract in November of 2018 (DE # 102-1 at 3)), to March 31, 2022. Because there is no relevant provision in the parties' contract, prejudgment interest will be calculated at the rate of 8% per year. Accordingly, Vale Park is entitled to a total of $64,237.92 in prejudgment interest. *See* Ind. Code § 24-4.6-1-104.

## VI.   CONCLUSION

For the foregoing reasons, Vale Park, LLC's motion for default judgment (DE # 101) is **GRANTED with relief different than requested.** The court **GRANTS** Vale Park actual damages in the amount of $241,133.32 and prejudgment interest in the

amount of $64,237.92. The court **DISMISSES** Project 64's counterclaim for want of prosecution. The court **RESERVES** entry of final judgment against Project 64, LLC until the resolution of the remaining claims in this case.

                                                 **SO ORDERED.**

Date: January 26, 2023

                                    s/James T. Moody
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT